

OFFICE OF THE ATTORNEY GENERAL OF TEXAS
AUSTIN

GROVER SELLERS
ATTORNEY GENERAL

Hon. Bruce L. Parker
County Attorney, Gray County
Pampa, Texas

Dear Sir:

                    Opinion No. O-7375
                    Re: Authority of common school district
                        without bonded indebtedness to levy
                        $1.50 tax rate per $100 valuation.

     We have your letter of August 21, 1946, in which
you request, on behalf of the Superintendent of Public
Schools of Gray County, an opinion from this department
on the following question:

     "Can a common school district without bonded
indebtedness raise the tax rate from $1.00 to $1.50
by the proper election?"

     Your question is answered by reference to Article
2784e, V. A. C. S., as enacted by the 49th Legislature,
Acts 1945, Chapter 304. This article reads as follows:

     "Taxing Power. The commissioners court for the
common school districts in its county, and the district
school trustees for the independent school districts
incorporated for school purposes only, shall have power
to levy and cause to be collected the annual taxes and
to issue the bonds herein authorized, subject to the
following provisions:

     "1. In common school districts, for the further
maintenance of public free schools and the erection and
equipment of school buildings therein, a special tax;
and in independent districts for the maintenance of
schools therein, an ad valorem tax not to exceed One
Dollar and Fifty Cents ($1.50) on the one hundred
dollars valuation of taxable property of the district.

Hon. Bruce L. Parker, page 2

"2. In common school and independent districts, for the purchase, construction, repair or equipment of public free school buildings within the limits of such districts and the purchase of the necessary sites therefor, a tax not to exceed fifty cents (50¢) on the one hundred dollars valuation, such tax to be for the payment of the current interest on and provide a sinking fund sufficient to pay the principal of bonds which said districts are empovered to issue for such purposes.

"3. The amount of maintenance tax, together with the amount of bond tax of any district, shall never exceed One Dollar and Fifty Cents ($1.50) on the one hundred dollars valuation of taxable property; and if the rate of bond tax, together with the rate of maintenance tax voted in the district shall at any time exceed One Dollar and Fifty Cents ($1.50) on the one hundred dollars valuation, such bond tax shall operate to reduce the maintenance tax to the difference between the rate of the bond tax and One Dollar and Fifty Cents ($1.50).

"4. No tax shall be levied, collected, abrogated, diminished or increased, and no bonds shall be issued hereunder until such action has been authorized by a majority of the votes cast at an election held in the district for such purposes, at which none but property taxpaying qualified voters of such district shall be entitled to vote.

"5. All property assessed for school purposes in a common school district shall be assessed at the rate of value of property as said property is assessed for State and county purposes."

Referring to the above quoted statute it will be seen that Section 1 thereof clearly authorizes a maximum ad valorem tax for both common and independent school districts of $1.50 on the One Hundred Dollars valuation of taxable property of the district, such tax to be levied for the purpose of maintenance, erection and equipment of school buildings therein. By the provision of Section 4 of such statute, no tax may be levied unless authorized by a majority vote of the qualified property taxpaying voters of the district.

654

Section 3 of the above statute expressly provides that in the event bonds are voted by the district and a bond tax levied therefor pursuant to Section 2, such bond tax will operate to reduce the maintenance tax to the difference between the rate of the bond tax (which may not exceed 50¢) and the total of $1.50 maximum for both maintenance and bond purposes. In other words, if a $1.50 maintenance tax has been voted and levied and, subsequently, a bond issue is authorized together with a 35¢ bond tax therefor, then the maintenance tax will automatically be reduced to $1.15 so that the total ad valorem tax of the district will not exceed $1.50.

We are unable to find any requirement that a common or independent school district must incur bonded indebtedness before such district is authorized to levy a maximum ad valorem tax for maintenance purposes of $1.50 on the $100 valuation of property of such district, and the above-quoted statute expressly negatives any such construction.

You are therefore advised that your question is answered in the affirmative.

Very truly yours

ATTORNEY GENERAL OF TEXAS

By Wm. Blanton, Jr
Assistant

WB:AMM

APPROVED SEP 20 1945
ATTORNEY GENERAL OF TEXAS

APPROVED
OPINION
COMMITTEE
BY _____
CHAIRMAN